IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OBE E. JOHNSON,<br>    Plaintiff,<br><br>v.<br><br>DEPT. OF HACIENDA OR<br>INTERNAL REVENUE SERVICE OF<br>THE COMMONWEALTH OF<br>PUERTO RICO,<br>    Defendant. | :<br>:<br>:<br>:    CIVIL ACTION NO. 23-CV-1962<br>:<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM

**PRATTER, J.**                                                                                       **JUNE 2, 2023**

Plaintiff Obe E. Johnson, a convicted prisoner currently incarcerated at the Correctional Institution Guayama 500, which is located in Guayama, Puerto Rico, commenced this *pro se* civil action seeking a writ of mandamus. (*See* ECF No. 2.). He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will deny Mr. Johnson leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and require that he pay the full filing fee if he wishes to continue with his case.

**I.    BACKGROUND**

Mr. Johnson initiated this matter seeking payment of "stimulus checks" under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). (Compl. (ECF No. 2) at 1.).[1] Mr. Johnson claims that he, a resident and business owner in Philadelphia, Pennsylvania, did not receive Economic Impact Payments ("EIPs") from the "Puerto Rico Department of Hacienda know[n] as Internal Revenue Service." (*Id.*). According to Mr. Johnson, he "has been requesting stimulus checks issued under . . . [the CARES Act]" but that the "Puerto Rico Department of

---

[1]    The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

1

Hacienda" "has refused to respon[d]." (*Id.*). Mr. Johnson contends that he has exhausted administrative remedies by sending two letters to the Puerto Rico Department of Hacienda requesting the funds, the first in June 2022 and the second in March 2023.[2] (*See id.* at 2, 5-9.).

## II. STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted). But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).[3]

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

---

[2] The March 2023 letter attached to Mr. Johnson's Complaint indicates that he did not receive any stimulus payments because he could not file his personal or business tax returns. (*See* Compl. at 7-8.) He suggests that he could not file his tax returns because "the Department of Justice of Puerto Rico, and the United States District Court of Puerto Rico included the United States First Circuit Court of Appeals have me incarcerated illegally [and] have misled justice." (*Id.* at 8.).

[3] In particular, the number of meritless claims brought *in forma pauperis* by prisoners grew "astronomically" from the 1970s to the 1990s, *id.* (quoting 141 Cong. Rec. S14408-01, S14413 (daily ed. Sept. 27, 1995) (statement of Sen. Dole)), and "[p]risoner litigation continues to account for an outsized share of filings in federal district courts." *Jones v. Bock*, 549 U.S. 199, 203 (2007) (internal quotation marks omitted).

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Put more simply, under the PLRA, a prisoner with three prior strikes can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury at the time he brings his case to court. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

## III. DISCUSSION

To determine whether the three-strike rule applies, the Court first must determine whether Mr. Johnson's attempt to receive mandamus relief under the CARES Act is proper. *See Madden v. Myers*, 102 F.3d 74, 78 (3d Cir. 1996) (PLRA does not apply to proper mandamus proceedings, but applies to "any action improperly styled as mandamus"), *superseded in part on other grounds by* 3d Cir. L.A.R. 24.1(c); *Banks v. Francis*, No. 15-1400, 2017 WL 978097, at *2 (W.D. Pa. Mar. 14, 2017) ("Because Petitioner's complaint is not, in actuality, a mandamus action, the PLRA's screening provisions undoubtedly apply.").

The CARES Act, codified in part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a mechanism for the IRS to issue EIPs to eligible individuals in the form of a tax credit. *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020), *appeal dismissed*, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). Mr. Johnson unsuccessfully commenced two prior cases seeking payment of CARES Act funds in this district. *See In re: Obe E. Johnson*, Civil Action No. 21-0086 and *Obe E. Johnson v. United States District Court of Philadelphia*, Civil Action No. 22-0064, *appeal dismissed sub nom Obe E. Johnson v. Internal*

3

*Revenue Service*, No. 22-1350 (3d Cir. Aug 4, 2022). He seeks essentially the same relief in the case at bar, which he styles as a request for mandamus relief.

"A district court has jurisdiction in 'any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Mote v. Sempa*, 804 F. App'x 191, 192 (3d Cir. 2020) (*per curiam*) (citing 28 U.S.C. § 1361), *cert. denied*, 142 S. Ct. 906 (2022). Mandamus relief is generally considered a "drastic" remedy, "to be invoked only in extraordinary situations." *Kerr v. United States Dist. Ct. for N. Dist. of California*, 426 U.S. 394, 402 (1976). "A party seeking the issuance of a writ of mandamus must have no other adequate means to attain the relief he desires, and must show that the right to issuance of the writ is clear and indisputable." *Mote*, 804 F. App'x at 192 (internal quotations and citations omitted).

Although Mr. Johnson styled this matter as a mandamus action seeking to compel payment of CARES Act EIPs, when the substance of Mr. Johnson's Complaint is considered, it is clear that Mr. Johnson cannot obtain mandamus relief. Mr. Johnson cannot show that he has no other adequate means for raising his claim and that the right to issuance of the writ is clear and indisputable. Mr. Johnson's attempt at obtaining EIPs is, once again, best construed as a tax refund claim under 26 U.S.C. § 7422. *See Obe E. Johnson v. United States District Court of Philadelphia*, Civil Action No. 22-0064, ECF No. 19 at 3, *appeal dismissed sub nom. Obe E. Johnson v. Internal Revenue Service*, No. 22-1350 (3d Cir. Aug 4, 2022); *Wilkins v. U.S. Dep't of Treasury (I.R.S.)*, No. 21-0428, 2023 WL 2482974, at *4 (W.D. Va. Mar. 13, 2023) (construing inmate's petition for a writ of mandamus seeking CARES Act EIP payments as a request for a tax refund pursuant to § 7422 and describing administrative process required before a taxpayer may bring a § 7422 claim); *see also Taylor v. IRS*, No. 22-1246, 2023 WL 2895441, at *2 (E.D. Cal. Apr. 11, 2023) (describing tax refund scheme that must be followed before filing suit in federal court for credit or refund of

4

overpaid taxes), *report and recommendation adopted*, No. 22-1246, 2023 WL 3224160 (E.D. Cal. May 3, 2023).[4]

Since this action is not properly a mandamus action, the Court is not precluded from applying the three-strikes rule. *See Madden*, 102 F.3d at 78. The Court must thus determine whether Mr. Johnson's prior filings in federal court were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and whether he has alleged that he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. In particular, a "strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-1725 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

Mr. Johnson has a history of litigating claims in federal court. A review of public records reveals that Mr. Johnson has filed over fifty matters, primarily in the United States District Court for the District of Puerto Rico and the United States Court of Appeals for the First Circuit. Indeed,

---

[4] Mr. Johnson has been advised previously that an incarcerated individual seeking to recover an unpaid EIP must, *inter alia*, file a tax return to qualify as a "taxpayer" to commence a civil action for the correction of a tax refund under § 7422. *See Johnson*, Civil Action No. 22-0064, ECF No. 19 at 3; *see also United States v. Williams*, 514 U.S. 527, 533 (1995) (explaining that to qualify as a "taxpayer" for purposes of filing a § 7422 claim, an individual must file a tax return); *Morton v. United States Virgin Islands*, 2021 WL 6137867, at *3 n.6 (3d Cir. Dec. 29, 2021) (noting that administrative exhaustion is required for a § 7422 claim). Mr. Johnson acknowledges that he did not file a tax return for the relevant years, 2020 and 2021. (*See* Compl. at 8.).

the United States Court of Appeals for the Third Circuit, when considering his application to proceed *in forma pauperis* on appeal in Civil Action No. 22-0064, determined that Mr. Johnson was subject to the three-strikes provision of § 1915(g). *Obe E. Johnson v. Internal Revenue Service*, Civil Action No. 22-1350 (3d Cir. 2022) (ECF No. 9). The Third Circuit found that Mr. Johnson had filed at least three complaints that were dismissed for failure to state a claim upon which relief may be granted. *See id.* (citing D.P.R. Civ. Nos. 09-cv-01173, 13-cv-1346, 14-cv-01841, 19-cv-01612, 20-cv-01326, 22-cv-01088).

This Court concludes that each of these dismissals count as a strike against Mr. Johnson for purposes of § 1915(g). Each was filed while Mr. Johnson was incarcerated, and each was dismissed in its entirety for one of the reasons listed in § 1915(g). Accordingly, Mr. Johnson may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he brought the present Complaint.

"Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). A prisoner's allegation that he faced imminent danger in the past is "an insufficient basis to allow him to proceed *in forma pauperis*." *Ball*, 726 F.3d at 467. Practices that "may prove detrimental . . . over time," such as poor care for arthritis, also "do not represent imminent dangers," as the harm is not "about to occur at any moment." *Id.* at 468 (quoting *Abdul-Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.*

The Court finds that the allegations in Mr. Johnson's latest filings do not meet the imminent danger standard of § 1915(g). Mr. Johnson seeks EIPs under the CARES Act and baldly alleges that he is in imminent danger. (*See* ECF No. 1 at 1-2.) Nothing in Mr. Johnson's Complaint or application to proceed *in forma pauperis* plausibly suggests that he is in imminent danger of

serious physical injury, as required by § 1915(g) because he did not receive EIPs. (*See id.*) Accordingly, Mr. Johnson will be required to pay the full fees to commence this civil action if he wishes to proceed.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Mr. Johnson's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(g). Should Mr. Johnson desire to litigate his claims, he must pay the full filing fee in advance. An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER, J.